DAYLE ELIESON
United States Attorney
District of Nevada
BRANDON C. JAROCH
Assistant United States Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
702-388-6336
brandon.jaroch@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS DAMONE WHITE,<br><br>Defendant. | Case No.: 2:17-cr-00140-APG-NJK<br><br>STIPULATION FOR AN ORDER UNDER TITLE 18 U.S.C. § 4246, et.seq. |

IT IS HEREBY STIPULATED AND AGREED, by and between DAYLE ELIESON, United States Attorney, BRANDON C. JAROCH, Assistant United States Attorney, counsel for the United States of America and MACE YAMPOLSKY, Esq., counsel for the defendant MARCUS DAMONE WHITE, that:

1. The Parties, having the benefit of the Forensic Report, dated June 4, 2018, and filed with the Court (ECF No. 43, *Sealed*), wish to submit this

Stipulation and agreement to ask that this Honorable Court issue the appropriate Order as more fully described herein.

2. The Parties agree that the defendant, Marcus Damone White, was committed to a suitable facility according to the authority of Title 18 U.S.C. § 4241(d), so as to determine the mental competency of Mr. White to stand trial or undergo post-release proceedings.

3. Through examination and attempted therapy, the facility reports that Mr. White's condition has not improved so as to permit these proceedings to go forward in the normal course. Therefore, the Parties agree that the requirements of Title 18, United States Code, Section 4246 are triggered.

4. The Parties recognize and agree that 18 U.S.C. § 4246(a) has as a requirement that the Bureau of Prisons make a determination as to whether the person (Mr. White) is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property. Upon that determination, the Bureau of Prisons must submit a certificate addressing the dangerousness of the person to the Court. However, before the Court can Order that such a determination take place, the Parties agree that the Court must first make a finding that Mr. White's mental condition has indeed, not improved sufficiently.

5. It is therefore agreed between counsel for both the United States and for Mr. White, that on the strength of the existing Report (ECF No. 43, *Sealed*), and all the pleadings and papers heretofore filed in this case, that Mr. White may fairly and legally be considered incompetent to proceed, as measured under Title

18 U.S.C. § 4246(b), and consequently they join in asking this Court to enter the appropriate finding by clear and convincing evidence, and that the Court then Order that the facility examine Mr. White to determine if his release would create a substantial risk of bodily injury to another person or serious damage to property of another. *See* 18 U.S.C. § 4246(a) & (d).

Dated this 20th day of July, 2018.

          Respectfully Submitted,

          DAYLE ELIESON
          United States Attorney

          */s/ Brandon C. Jaroch*
          BRANDON C. JAROCH
          Assistant United States Attorney

          */s/ Mace Yampolsky*
          MACE YAMPOLSKY, Esq.
          Counsel for WHITE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-00140-APG-NJK |
| Plaintiff, | ORDER |
| vs. | |
| MARCUS DAMONE WHITE, | |
| Defendant. | |

### FINDINGS OF FACTS

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. The Parties, having the benefit of the Forensic Report, June 4, 2018, and submitted to the Court (ECF No. 43, *Sealed*), wish to submit this Stipulation and agreement to ask that this Honorable Court issue the appropriate Order as more fully described herein.

2. The Parties agree that the defendant, Marcus Damone White, was committed to a suitable facility according to the authority of Title 18 U.S.C. § 4241(d), so as to determine the mental competency of Mr. White to stand trial or undergo post-release proceedings.

3. Through examination and attempted therapy, the facility reports that Mr. White's condition has not improved so as to permit these proceedings to go

forward in the normal course.  Therefore, the Parties agree that the requirements of 18 U.S.C. § 4246 are triggered.

4. The Parties recognize and agree that 18 U.S.C. § 4246(a) has as a requirement that the Bureau of Prisons make a determination as to whether the person (Mr. White) is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property.  Upon that determination, the Bureau of Prisons must submit a certificate addressing the dangerousness of the person to the Court.  However, before the Court can Order that such a determination take place, the Parties agree that the Court must first make a finding that Mr. White's mental condition has indeed, not improved sufficiently.

5. It is therefore agreed between counsel for both the United States and for Mr. Marcus Damone White, that on the strength of the existing Report (ECF No. 43, *Sealed*), and all the pleadings and papers heretofore filed in this case, that Mr. White may fairly and legally be considered incompetent to proceed, as that is measured under Title 18 U.S.C. § 4246(b), and consequently they join in asking this Court to enter the appropriate finding by clear and convincing evidence, and that the Court then Order that the facility examine Mr. White to determine if his release would create a substantial risk of bodily injury to another person or serious damage to property of another.  *See* 18 U.S.C. § 4246(a) & (d).

## **ORDER**

IT IS HEREBY ORDERED, based on the report by the Bureau of Prisons regarding defendant Marcus Damone White's mental incompetency, and the

stipulation of all parties that Marcus Damone White is incompetent, the Court hereby orders the defendant into the custody of the Bureau of Prisons for the purpose of evaluating whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property, pursuant to the provisions found in 18 U.S.C. §4246, et.seq. After completion of the evaluation the Bureau of Prisons shall submit a certificate conveying its determinations.

      IT IS FURTHER ORDERED that the Parties shall send a copy of this order to the Bureau of Prisons.

DATED this 20th day of July, 2018.

                                                HONORABLE NANCY J. KOPPE
                                                UNITED STATES MAGISTRATE JUDGE